We give considerable space this week to the proceedings of the Ohio Supreme Court, there being combined in the Motion Docket cases, the output of two previous weeks, the copy for one of which was tardy in reaching us. Next week we expect to begin to enlarge our Ohio Supreme Court Case Law service, making it not only more complete, but also more prompt. Fuller particulars will be given in our next issue, and also enough of the work to demonstrate the value of this addition to the scope and characteristics of The Abstract.

## STATE BAR ASSOCIATION

The mid-winter meeting of the Ohio State Bar Association will be held at Columbus, Ohio, January 25 and 26, 1924, the officers of the association having accepted an invitation extended by the Franklin County Bar Association to hold the meeting at the Capital City.

President William L. Hart of Alliance, Ohio, announces that the Hon. William Draper Lewis, dean of the College of Law of the University of Pennsylvania, has consented to address one of the sessions of the mid-winter meeting. Dean Lewis is the director of the American Law Institute and an author of note, and his address will undoubtedly be of great interest to all who attend the meeting. The courts of Ohio should recess on the two meeting days, if not more, to give the judges and lawyers a chance to be present.

## COURT OF APPEALS of U. S.
### No. 837
### TOLEDO FENCE & POST CO. v. LYONS
U. S. Appeals, 6th Circuit, Cincinnati
No. 3904. Decided June 6, 1923

313—RECEIVERS.

Receivership of corporation (115) not justified on ground that controlling stockholder is bankrupt.

126. COURTS.

Suit by trustee in bankruptcy is within Federal Court jurisdiction.

165. EQUITY.

Objection to jurisdiction on ground of adequate remedy at law (8) may be waived.

DENISON, J.

#### Epitomized Opinion

Appeal from interlocutory order appointing receiver for the Post Co. Lyons, as trustee in bankruptcy of Smith, instituted the action alleging that Smith was the chief and controlling stockholder and general manager of the Post Co., which had become indebted to him to the amount of $19,000, and that four months before bankruptcy and with intent to defraud his creditors, Smith had cancelled and discharged this $9,000 debt upon an inadequate consideration, and that the corporation was in danger of insolvency. The prayer was for an accounting and the recovery of the full balance due, and for the appointment of a receiver. There was no allegation that the corporation owed debts other than this one, or that its business and assets were being mismanaged. On appeal, the Post Co. urged that the equity court had no jurisdiction because there was an adequate remedy at law and also that the Federal Court had no jurisdiction. In remanding the case for an addition to the record, showing the proof offered in open court in support of the allegations of the bill praying for a receiver, the Circuit Court of Appeals held:

1. "Manifestly, the mere facts that the bankrupt is the controlling manager and stockholder of the corporation, and that he has increased its apparent assets at his personal expense, do not tend to justify a receivership taking the corporate management away from the directors."

2. Where a suit is merely one by the trustee to receiver by adverse proceedings a debt from defendant to the bankrupt, and where there is no diverse citizenship, still a Federal Court has jurisdiction because it is the trustees' duty under the Bankruptcy Act to prosecute such action and such an action one arising under the laws of the U. S. of which the Federal Courts are given jurisdiction by the judicial code. However, the Post Co. appeared before the court at the time fixed for the motion and obtained a postponement of the hearing to complete an expected adjustment which, having failed, the Company, on the adjourned day, argued the merits of the case and made no objection to the jurisdiction of the court, thereby consenting to the jurisdiction of the court. Also, objection to the jurisdiction of the court on the ground of an adequate remedy at law must be made at the first opportunity in the trial court or it is waived.

Attorneys—C. A. Seiders, for Toledo Fence Post Co.; G. Ohlinger, for Lyons.